IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01467-BNB

WILLIAM LEE LORNES THE III, also known as
WILLIAM LEE LORNES,

    Plaintiff,

v.

MENTAL HEALTH CORP., 701 East Colfax Avenew [sic], Denver, Colorado 80203, 303-831-4570,

    Defendant.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, William Lee Lornes the III, also known as William Lee Lornes, currently is detained at the Denver Van Cise-Simonet Detention Center. The caption of this order has been corrected to include his alias. Mr. Lornes filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).

    On June 7, 2012, the Court directed Mr. Lornes to cure certain designated deficiencies in the case within thirty days. Specifically, the Court informed Mr. Lornes that the names in the caption to the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 did not match the names in the caption to the Prisoner Complaint and that he had failed to submit a current certified copy of his trust fund account statement for the six-month period immediately preceding this filing. On July 7, 2012, Mr. Lornes submitted an uncertified copy of his trust fund account statement as of

June 21, 2012. On July 2, 2012, he submitted a certified copy of his trust fund account statement as of July 2, 2012. He failed within the time allowed to submit an amended Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 with names in the caption that matched the names in the caption to the Prisoner Complaint. However, the action will not be dismissed for that reason.

Instead, Mr. Lornes is being granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee by separate order, and the Court has listed the Defendant named on the Prisoner Complaint as the sole Defendant on this order and in this action. Pursuant to Rule 10(a) of the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties." Therefore, to avoid any confusion regarding who is or are the proper parties in this action, Mr. Lornes will be ordered to file an amended complaint that identifies all of the parties in the caption. Mr. Lornes also must provide the full address for each named defendant so that each defendant can be properly served.

The amended Prisoner Complaint Mr. Lornes will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Lornes' claims are unintelligible. For example, as his first claim, he alleges:

> I take med's now and they help I was expleand to that I
> could have a perscrepttion to get a reful I need more than a
> reefell I need some help getting clothes I need same where
> two live basiclly need my ssi check.

Complaint (ECF No. 1) at 4. On the basis of these allegations, he asserts a "vallation of forth addmement." *Id.* Neither the Court nor the defendant is required to guess in order to determine the specific factual allegations that are being asserted in support of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Finally, Mr. Lornes is advised that, in order to comply with Rule 8, he must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). In particular, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). At the same time, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Therefore, Mr. Lornes should take care to ensure that his amended complaint provides a clear and concise statement of the claims he is asserting.

Accordingly, it is

ORDERED that Plaintiff, William Lornes, file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Lornes shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at [www.cod.uscourts.gov](http://www.cod.uscourts.gov).  It is

FURTHER ORDERED that, if Mr. Lornes fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the Prisoner Complaint and the action will be dismissed without further notice.

DATED July 19, 2012, at Denver, Colorado.

                                                  BY THE COURT:

                                                  s/ Boyd N. Boland
                                                  United States Magistrate Judge